The STATE of Ohio, Appellant,

v.

INABNITT, Appellee.

[Cite as *State v. Inabnitt* (1991), 76 Ohio App.3d 586.]

Court of Appeals of Ohio,
Montgomery County.

No. CA–12737.

Decided Dec. 6, 1991.

*Lee Falke,* Prosecuting Attorney, and *Richard D. Hanes,* Assistant Prosecuting Attorney, for appellant.

*Kurt R. Portmann,* County Public Defender, and *Barbara V. Thompson,* Assistant County Public Defender, for appellee.

GRADY, Judge.

The state of Ohio appeals, pursuant to Crim.R. 12(J), from an order of the trial court suppressing evidence obtained in the course of the investigation and arrest of appellee Inabnitt for an alleged violation of R.C. 2925.22(A), procuring by deception the administration of, prescription for, or the dispensing of a dangerous drug, for which appellee was indicted. We overrule the assigned error and affirm the judgment of the trial court.

I

On December 6, 1990, at approximately 12:25 p.m., Officer Thomas Heck of the Centerville Police Department received a radio report that two "suspicious" persons, who were in an old, "beat-up" station wagon which had no rear window, had been seen in the area of the Center Med medical building in Centerville. Officer Heck was told that the report was based on an anonymous telephone call from a person who stated that he worked for a medical supply company and that he had seen the men outside several other medical offices that day.

Officer Heck soon spotted an old station wagon with no rear window parked in front of Hill's Pharmacy, about one-half block from the Center Med Building. As two men entered the car Officer Heck pulled behind it at an angle, about eight to ten feet away, blocking its egress from the lot. Officer Heck checked the vehicle registration information and questioned the two men. The officer determined that the two men were Earl E. Walls and appellee Robert L. Inabnitt.

The two men appeared to be nervous and did not directly answer all of Officer Heck's questions. The car was not registered in the name of either man, and Walls told Heck that it was owned by his brother. Officer Heck asked whether they had been into the pharmacy and both men initially answered "no." Walls then said that he had been inside to buy batteries.

Officer Heck went inside the pharmacy to ask employees if the men had come in. A pharmacist told him that they had been inside and that Walls bought batteries while Inabnitt presented a prescription for narcotics, but was refused because he was "kind of suspicious."

Officer Heck came out of the pharmacy and learned from his dispatcher that both men had previous arrests on narcotics charges. Heck then patted both men down and asked if he could search the car. Walls told him he could. Officer Heck found a receipt from Center Med on the floor of the car. The receipt was not in either man's name. Both men denied knowing anything about the receipt and again denied having been at Center Med that day. At that point both men were formally placed under arrest. The events described lasted three to four minutes from beginning to end.

## II

Appellant's sole assignment of error states:

"The trial court erred when it found that the appellant had been 'unlawfully detained beyond the initial inquiry as to identification and the record check of the registration of the automobile.' "

The trial court found the officer's act of blocking the station wagon from movement was a "seizure" requiring probable cause, and granted the motion to suppress upon a finding that the "seizure occurred before there was sufficient evidence obtained in order to make a legal arrest."

A seizure within the meaning of the Fourth Amendment requires a show of authority, even if extremely slight, to which the subject yields. *California v. Hodari* (1991), 499 U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690. Whether any act constitutes a show of authority depends on all the facts and circumstances. *United States v. Mendenhall* (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497. The "appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick* (1991), —— U.S. ——, ——, 111 S.Ct. 2382, 2387, 115 L.Ed.2d 389, 400.

We see no error in the trial court's finding that a seizure occurred when the officer used his vehicle to "block in" the vehicle in which appellee and his companion were travelling. Though appellee Inabnitt testified that he did not leave because he believed he'd done nothing wrong, the detainee's subjective state of mind is not the test. The test is objective, and is based on all the facts and circumstances. One whose vehicle is blocked by a police cruiser from free movement and who is under questioning by a uniformed officer cannot "feel free" to get into his car and leave. His detention

constitutes a "seizure" within the meaning of the Fourth Amendment. However, the seizure was no greater than that involved in an "investigative" stop, which is permitted when an officer possesses reasonable and articulable suspicion that a crime may have been committed. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The trial court concluded that the officer's detention of these suspects was unreasonable because it extended past the point in time when his "reasonable" suspicions were resolved. We agree.

As an initial matter, we note that throughout his testimony, which we have carefully examined, Officer Heck failed to articulate his basis to suspect that a crime may have been committed by appellee and his companion. The officer's knowledge and experience are an important element in a *Terry* stop. He may learn by way of a radio call or other tip of facts which he deems "suspicious," but such matters do not gain that significance because they are received by radio or in some more direct form. It is the suspicion or concern of the officer, not the "tipster," which forms the basis for a *Terry* investigative stop. Here, the officer articulated none, and we must conclude that he held none.

Officer Heck testified that he observed no violation in connection with ownership or operation of the vehicle. The men seemed nervous, and may have misrepresented whether they had entered Hills Pharmacy. The officer found no warrants outstanding. At that point his detention no longer had any foundation, as whatever "suspicion" may have been gained from the tip proved inconclusive. The officer was not warranted to continue to detain appellee and his companion thereafter while he entered the store and later searched their auto. Those steps were taken to gain a basis for "suspicion," and the officer appears to have then acted on no more than a form of "inarticulate hunch" condemned by *Terry*. Any facts or matters gained from appellee by way of those efforts were gained through an unreasonable and unlawful search and seizure. The trial court did not err in suppressing the evidence produced thereby.

We do not agree with appellant's argument that the officer's acts were authorized under the rule of *Florida v. Bostick, supra*. In *Bostick* there was no seizure and detention of a suspect; here, there was. Also, in *Bostick* the officers suspected, albeit "in some vague way," that drugs may have been concealed on the bus they boarded. *Id.,* —— U.S. at ——, 111 S.Ct. at 2384, 115 L.Ed.2d at 396. Here, the officer articulated no suspicion, and reacted only to an anonymous tip.

## III

For the reasons stated above we affirm the judgment and order of the trial court.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.