[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Samuel Chung appeals from his conviction in the Dayton Municipal Court of operating a motor vehicle while under the influence of alcohol pursuant to his no contest plea.
On January 23, 1998, at approximately 10:30 p.m. appellant, Samuel Chung, and a companion entered into the Perinatal Health Unit of the Miami Valley Hospital in Dayton, Ohio. The appellant and his companion approached a security guard to inquire about a person whom they believed to be patient at the hospital. Hospital Security Officer, Robert Estepp, testified that both men appeared to be intoxicated.
After being informed that they were at the wrong hospital both men walked into a restricted area of the hospital's parking garage that is reserved for doctors only. Security Officer Estepp watched the two men leave the hospital, at which time he saw them hollering, yelling, and cursing loudly. He also saw them urinating while in the parking garage.
The appellant got into a car and attempted to exit the parking garage. The exit to the parking garage was clearly marked, however, the defendant-appellant did not exit the garage. Instead, he drove recklessly around the garage three times, as if he was making a figure eight. He was speeding through the parking garage, the car tires were squealing, and he drove in the areas reserved for parking rather than the driving lanes. In addition, the car was swinging wide when traveling around the parking garage.
Security Officer Estepp, who witnessed appellant's conduct radioed for another security officer to stop the car if it reached the garage exit.
A second security officer, James Berkshire, went to the parking garage to assist with the stop of the car driven by the defendant-appellant. Security Officer Berkshire and the defendant-appellant arrived at the exit of the parking garage at the same time. Security Officer Berkshire stopped his car on Magnolia Street in front of the exit of the parking garage. The defendant stopped his car inside the parking garage at the exit. Security Officer Berkshire exited his car, approached the car driven by the defendant and ordered him out of the car. (Tr. 21). The defendant got out of the car without placing the gear in a parked position; the car rolled and collided into Security Officer Berkshire's car. Officer Berkshire testified that he smelled the odor of an alcoholic beverage on the defendant's breath while they were standing outside of the car. Due to the accident, the defendant's conduct, his reckless driving in the parking garage, and the smell of the alcohol on his breath, Officer Berkshire testified he detained the defendant and called for the Dayton Police. Berkshire testified that he placed handcuffs on the defendant, told the defendant he was being placed in Berkshire's custody, and then he placed the defendant in the security vehicle. (Tr. 22). Berkshire then transported the defendant to the hospital security office to await a Dayton police officer. Berkshire testified he was licensed through the City of Dayton.
Dayton Police Officer David Watson testified he was dispatched to Miami Valley Hospital and spoke with Berkshire and Estepp. Watson stated that both security officers told him about observing the defendant driving recklessly in the parking garage. They also described how the defendant's car was blocked and how it rolled into Officer Berkshire's vehicle. Wilson said both officers stated the defendant smelled of a heavy odor of alcohol and threatened them. Watson stated he observed the defendant and he also smelled a heavy odor of alcohol on the defendant's breath. Watson said he did not ask the defendant to perform any field sobriety tests because "he was threatening me." (Tr. 52). Watson said he decided to arrest the defendant for DUI after all he had seen and heard at the hospital. (Tr. 53).
The defendant submitted to a breathalyzer test and tested .157. He was charged formally with Driving While Under the Influence of Alcohol in violation of R.C.G.O. 71.12, Reckless Operation on Private Property in violation of R.C.G.O. 71.1801, and Failure to Properly Secure a Parked Motor Vehicle in violation of R.C. 4511.661.
In a single assignment of error, appellant contends the trial court erred in not granting his motion to suppress the breathalyzer results because it was the product of an illegal arrest in violation of the Fourth Amendment.
Initially, appellant contends that Berkshire's blocking his car from leaving the parking garage was an arrest. We disagree. Berkshire's conduct was at most a stopping of the defendant's vehicle and his freedom of movement. See, State v. Inabnitt
(1991), 76 Ohio App.3d 586.
Appellant argues even if the blocking of his car was not an arrest, his being handcuffed and led to the security office by Officer Berkshire certainly was. Appellant argues Berkshire did not have probable cause to arrest him.
The Fourth Amendment limits official government behavior, it does not regulate private conduct. Courts have regularly declined to exclude evidence when it is obtained by private persons.Burdeau v. McDowell (1921), 256 U.S. 465. The unlawful acts of private individuals in conducting illegal searches and seizures are not subject to constitutional proscription. State v. Morris
(1975), 42 Ohio St.2d 307, 316.
The Ohio Supreme Court has held that a confession extracted from a suspect by a commissioned security guard lacked the requisite state action requiring Miranda warnings prior to interrogation. State v. Bolan (1971), 27 Ohio St.2d 15.
In State v. McDaniel (1975), 44 Ohio St.2d 163, the Franklin County Court of Appeals held that a security guard performing duties solely for the benefit of his employer was not performing public duties. The court held a search made by the security employee did not constitute governmental action or participation, even though the employee was commissioned as a special deputy sheriff.
In State v. Hegbar (December 5, 1985), Cuyahoga App. No. 49828, unreported, the court of appeals held that a private security guard was not covered by the Fourth Amendment because the primary function of privately employed security officers is protection of their employer's property.
In State v. Smith (May 22, 1986), Cuyahoga App. No. 50700, unreported, the court of appeals held that a Cleveland Clinic security guard's conduct was not state action for Fourth Amendment purposes even though the guards were commissioned by the City of Cleveland to carry guns. The same court reached a different conclusion concerning security guards at Cleveland Metropolitan Hospital, not because of commissions or functions, but rather because the hospital is publicly owned and the grounds are public employees. State v. Polansky (May 19, 1983), Cuyahoga App. No. 45402, unreported.
The courts have not hesitated to admit into evidence under the Burdeau rule the fruits of illegal searches conducted by persons who, while not employed by the government, have as their responsibility the prevention and detection of criminal conduct. LaFave, Search and Seizure (3d Ed.) at § 1.8(d), 248.
In such circumstances it makes no difference that the private employer's objections in keeping the business operation free of criminal activity coincides with the government interest in law enforcement. See Annot. 36 A.L.R.3d 553, 567-71 (1971); UnitedStates v. Koenig (7th Cir. 1988), 858 F.2d 843. The minority view, adopted in California and voiced in the language of cases in some other states, advocates extending the exclusionary rule to security personnel in the private sector. See Comment, 63 U. Cin. L. Rev. 1807, 1811 (1995).
Although Berkshire and Estepp may be "peace officers" as defined by R.C. 109.71(A)(9), they are not law enforcement officers as defined by R.C. 2901.01(K). Although private police officers are publicly commissioned, they are privately employed. There was no evidence presented that Miami Valley Hospital is a "publicly owned hospital." The appellant's assignment of error must accordingly be overruled.
Judgment of the trial court is Affirmed.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
J. Rita McNeil
Deirdre Logan
John H. Rion
Hon. Alice McCollum