OPINION
Bill S. Claiborne is appealing from his conviction of driving under the influence of alcohol by the Kettering Municipal Court. He filed a motion to suppress evidence, which the trial court overruled. He then pled no contest and was found guilty. On appeal, he brings the following sole assignment of error:
 "POLICE OFFICER DID NOT HAVE ARTICULABLE SUSPICION TO EFFECTUATE A TRAFFIC STOP ON THE DEFENDANT'S VEHICLE."
The arresting officer was the only witness to testify during the hearing on the motion to suppress. The circumstances of the stop and rationale of the court's decision are concisely but fully set forth in the court's decision and entry, as follows:
 This matter came on before the Court on the 5th day of July 2001 on the motion of Defendant to suppress all evidence obtained by the Centerville Police Department for the reasons that the officer had no reasonable suspicion of criminal activity to make an investigatory stop of the Defendant.
 Patrolman Meyers of the Centerville Police Department testified on behalf of the Prosecution that at approximately 2:10 am on May 12, 2001 he was on routine patrol in the area of the Far Hills Shopping Center located in Centerville in the area of Elsa's Restaurant Bar and Grill and the Bethany Lutheran Church. At that time there were no businesses open in the shopping center and he testified that even though Elsa's has a 2:30 am liquor license they normally would close at 1:00 am on weekdays. He testified that they were closed at the time of this incident.
 He observed a vehicle back out of a parking lot and drive down Firestone Drive then turn north on Espinosa Trail and pull into another parking space next to another vehicle. The vehicle was being driven by the Defendant and he had a passenger in the front passenger seat. He also testified that based upon personal knowledge he was aware of previous criminal activity that had occurred in this area including breaking and entering and breaking into motor vehicles. Based upon his experience and the known criminal activity in the area he decided to make what he described as a "walk-and-talk", by which he would approach the driver of the vehicle and talk to him to determine what he was doing in the area at that time of morning.
 He also parked his cruiser behind several other vehicles with his lights on but not directly behind the Defendant's vehicle. He got out of his car and as he started to walk to the Defendant's vehicle the Defendant rapidly accelerated and backed out of the parking space narrowly missing the officer. The officer testified that he did not believe that the Defendant saw him walking up when he was backing out. As a result of the manner in which the Defendant backed out of the parking space the officer then made the decision that he would conduct a traffic stop. The officer, however, did not cite Defendant for any traffic violations other than driving under the influence of alcohol.
 In State v. Freeman, 64 Ohio St.2d 291, 295, 414 N.E.2d 1044 (1980), the Ohio Supreme Court held that "The propriety of an investigative stop by a Police Officer must be viewed in light of the totality of the surrounding circumstances." In that case the following facts justified the stop: "The location of the investigation being in a high crime area; (2) the officer being quite aware of the recent criminal activity in the motel parking lot in which a car was parked; (3) the time of night being 3:00 am; (4) and for the Defendant sitting in the parking lot for approximately 20 minutes with the engine turned off."
 In this case the officer has seven [7] years experience as a police officer, he was personally aware of the criminal activity in this area including breaking and entering and breaking into motor vehicles, it was 2:10 am and all the businesses in that area were closed and Defendant's rapid acceleration backing out of his parking space after the officer had gotten out of his vehicle.
 Based upon the credibility of the officer and the facts stated, the Court finds that the officer had reasonable suspicion to make an investigatory stop of Defendant's vehicle.
 The Court further notes that even though the officer did not cite Defendant for any traffic offense other than DUI, he could not possibly have cited Defendant for improper backing or reckless operation on private property based upon his observing the manner in which Defendant backed out of the parking space. [sic. The officer testified that he could possibly have so cited the defendant. Tr. 40].
 IT IS, THEREFORE, ORDERED that the Defendant's Motion be and the same hereby is overruled.
This court has observed, in a case cited by appellee in its brief, as follows:
 Furthermore, the propriety of an investigatory stop must be considered under the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177
at syllabus, paragraph one, citing State v. Freeman
(1980), 64 Ohio St.2d 291. These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Andrews (1991), 57 Ohio St.3d 86, 88, citing Freeman, supra at 295. As we recognized in State v. Inabnitt (1991), 76 Ohio App.3d 586, 590, "[t]he officer's knowledge and experience are an important element in a Terry
stop." Moreover, an officer's observation of lawful activity, when considered with other circumstances, may create a reasonable suspicion that a person is engaged in criminal conduct. State v. Talbott (June 9, 1995), Montgomery App. No. 14690, unreported.
State of Ohio (City of Centerville) v. Mills (May 31, 1996), Montgomery App. No. 15465 and 15490.
Almost on the same day that the Mills case was decided, the Supreme Court of the United States ruled "that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas v. United States (1996), 517 U.S. 690, 699. We have recognized the authority of that decision, but still held that to determine if the police acted with reasonable suspicion, the court must consider the totality of the circumstances and reasonable suspicion may be based on behavior that is not illegal. State v. Wortham (2000),145 Ohio App.3d 126, 129 (citations omitted).
At first glance, the Supreme Court's decision that a review of a reasonable suspicion traffic stop is de novo would seem to rule out any deference granted to the trial court in its determination of the facts. However, the United States Supreme Court recognized in Ornelas that deference can still be given to the findings of local judges and law enforcement officers, as follows: "We therefore hold that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. Also, the court stated that: "In a similar vein, our cases have recognized that a police officer may draw inferences based on his own experience in deciding whether probable cause exists." Id., at 700. By the same token, a police officer may draw inferences based upon his own experience in deciding whether he has a reasonable, articulable suspicion sufficient to sustain a stop for investigation.
We have read the transcript of the hearing, and we find that it fully supports the decision of the trial court overruling the motion to suppress the evidence adduced from the testimony of the arresting officer. The officer testified during the hearing in detail on the many occasions of criminal activity that occur in that area often between the hours of midnight and four a.m. Tr. 15-16. Further, the officer testified that he believed he "had reasonable, articulable suspicion based on the hour of the day and the businesses being closed and the recent crime activity in that area . . ." Tr. 45.
We hereby approve the decision of the trial court and adopt it as our own. The assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and FAIN, J., concur.