[Cite as *State v. Jones*, 2022-Ohio-149.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                      :
                                   :
        Plaintiff-Appellant        :      Appellate Case No. 29224
                                   :
v.                                 :
                                   :      Trial Court Case No. 2021-CR-609
                                   :
AARON A. JONES                     :
                                   :      (Criminal Appeal from
        Defendant-Appellee         :      Common Pleas Court)
                                   :
                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of January, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

BARRY L. GILMER, Atty. Reg. No. 0099144, Assistant Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** The State of Ohio appeals, pursuant to R.C. 2945.67(A) and Crim.R. 12(K), from the trial court's decision and order sustaining defendant-appellee Aaron A. Jones' motion to suppress evidence.

**{¶ 2}** The State contends the trial court erred in finding that Jones was "seized" for Fourth-Amendment purposes when a police cruiser stopped in front of his car in a parking lot. We conclude that a police officer's act of positioning the cruiser in a way that made it difficult, albeit not impossible, for Jones to drive away constituted a show of authority sufficient to cause a reasonable person in Jones' position to believe he was not free to leave. Because police seized Jones without any suspicion of criminal activity, the trial court properly suppressed evidence subsequently found in his vehicle.

## I. Factual and Procedural Background

**{¶ 3}** The facts underlying the present appeal are derived from suppression-hearing testimony. The only witnesses at the hearing were Dayton police officer David Lane and appellee Jones. Based on their testimony, the trial court made the following factual findings:

On February 21, 2021 police officers were on routine patrol when they pulled into the Whitney Young Apartments off of Germantown Pike, Dayton, Ohio. Upon entering the parking lot, Officer Lane, DPD, observed a vehicle parked, engine running. The vehicle had backed into the parking space. Officer Lane decided to investigate. The Officers (Lane and [Matthew] Brown) observed two persons in the running vehicle. Neither officer observed any criminal or suspicious conduct from the vehicle or its

occupants.

As the officers approached the vehicle in their cruiser, they shined a spotlight onto the vehicle. Officer Lane parked his vehicle directly in front of the Defendant's vehicle, albeit possible for Defendant to drive by the marked DPD cruiser. Both officers approached the vehicle on foot with flashlights. Officer Lane smelled burnt marijuana and a search of the vehicle followed. The Court reviewed the cruiser video, State's Exhibit One, which revealed that the cruiser was parked so as to block the forward path of the Defendant's vehicle; the cruiser headlights were on and, as previously indicated, a spotlight was used initially to focus on Defendant's vehicle.

(August 5, 2021 Decision and Order at 1-2.)

{¶ 4} The trial court recognized that the issue before it was "whether a seizure of the Defendant occurred upon the initial encounter between the police and the Defendant." (*Id.* at 2.) Noting that a "show of authority" by law enforcement constitutes a seizure, the trial court reasoned:

In the case at bar, when the police pulled into the parking lot, shined a spotlight on the vehicle containing the Defendant and then pulled directly in front of the Defendant's vehicle, a seizure occurred as a reasonable person would not have felt free to leave. As stated in [*State v. Inabnitt*, 76 Ohio App.3d 586, 602 N.E.2d 740 (2d Dist.)], a show of authority, even if extremely slight, constitutes a seizure within the meaning of the Fourth Amendment. The police in this case had no basis to seize, [or] stop the vehicle in which the Defendant was the driver. Accordingly, the Defendant's

Motion to Suppress is granted and any and all evidence attained after the illegal initial seizure is SUPPRESSED.

(*Id.* at 2.)

## II. Analysis

{¶ 5} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN SUSTAINING JONES'S MOTION TO SUPPRESS.

{¶ 6} The State contends the trial court erred in finding a show of authority—and therefore a seizure—based on the officers' cruiser's blocking the forward path of Jones' vehicle, having their cruiser's headlights turned on, and shining a spotlight on the vehicle. The State maintains that the officers parked directly in front of Jones' vehicle out of necessity. In any event, the State asserts that the cruiser was several car lengths away from Jones' vehicle and that the cruiser's position would not have prevented Jones from leaving if he desired. The State further contends there was nothing significant about the cruiser's headlights being on at 11:00 p.m. The State notes too that the cruiser was parked at an angle so the headlights were not shining into Jones' car. The State also stresses that the officers illuminated Jones' car with their spotlight for only a few seconds.

{¶ 7} Finally, the State argues that the trial court ignored other factors typically indicative of a seizure that were non-existent here: (1) Officer Lane spoke to Jones in a calm, conversational tone and said nothing about being required to produce identification until after observing illegal window tint; (2) only two officers were involved and neither displayed weapons or made physical contact with Jones or his passenger until after developing probable cause for citable offenses; and (3) the encounter occurred in a public

place, a parking lot outside of Jones' residence. For the foregoing reasons, the State contends the encounter between the officers and Jones was consensual and that the trial court erred in finding a show of authority establishing a Fourth-Amendment seizure.

{¶ 8} In ruling on a motion to suppress, a trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." (Citation omitted.) *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994). As a result, when we review suppression decisions, "we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.*

{¶ 9} Here the record supports the trial court's factual findings, which were based on suppression-hearing testimony and are quoted above. The police cruiser did park in front of Jones' car. As the trial court noted, however, it appears to have been "possible" for Jones to navigate past the cruiser. The cruiser-cam video also reflects that the officers briefly did illuminate Jones' car with their spotlight and that the cruiser's headlights were on. The key issue on appeal is a legal one: whether, based on all of the facts and circumstances, Jones was seized under the Fourth Amendment before the officers developed articulable suspicion or probable cause to detain him.

{¶ 10} "A 'seizure' requires either 'some application of physical force' or 'a show of authority to which the subject yields.' " *State v. Thomas*, 2d Dist. Montgomery No. 27588, 2017-Ohio-8606, ¶ 11, quoting *State v. Franklin*, 2d Dist. Montgomery No. 15875, 1997 WL 476693, *2 (Aug. 22, 1997), citing *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct.

1547, 113 L.Ed.2d 690 (1991). The question is whether "in view of all the circumstances surrounding the incident, by means of physical force or show of authority, a reasonable person would have believed that he was not free to leave or [was] compelled to respond to questions." *State v. Smith*, 2d Dist. Greene No. 2019-CA-05, 2019-Ohio-4370, ¶ 19, quoting *State v. Lewis*, 2d Dist. Montgomery No. 22726, 2009-Ohio-158, ¶ 22, citing *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

{¶ 11} In *State v. Collier*, 2d Dist. Clark No. 2018-CA-104, 2019-Ohio-3197, ¶ 33, this court recognized that "[a]bsent more, an officer does not initiate an investigatory detention merely by approaching an individual seated in a legally parked car." In *State v. Carter*, 2d Dist. Montgomery No. 19833, 2004-Ohio-454, ¶ 19-20, this court held that an officer's act of pulling into a parking lot, stopping behind a parked car without blocking it in, illuminating the vehicle with a spotlight, and approaching to ask questions did not constitute a *Terry* stop. We recognized in *Collier*, however, that positioning a police cruiser so that a person cannot exit a parking lot generally establishes "a show of authority constituting a seizure." *Collier* at ¶ 34 (citing cases).

{¶ 12} The foregoing case law demonstrates that whether a particular encounter involves a seizure is fact-specific, and the present case is no exception. Unlike *Collier*, in which police parked behind the defendant so he "could not leave" without hitting the cruiser, the trial court here recognized that it was "possible for Defendant to drive by the marked DPD cruiser." The trial court also noted, however, that "Officer Lane parked his vehicle directly in front of the Defendant's vehicle," which was backed into a parking space. Based on our review of the cruiser-cam video, we agree with the trial court's determination that the positioning of the cruiser at an angle in front of Jones' vehicle would

have caused a reasonable person in Jones' position to believe that he was not free to leave. The location of the cruiser would have made it difficult for him exit the parking lot, even if he may have been able to navigate around the cruiser by turning sharply. In our view, a person in Jones' position reasonably would have perceived the positioning of the cruiser as an indication that Jones was not free to drive away. This is particularly true given that the two officers immediately exited the cruiser and started to approach both sides of Jones' car on foot.

{¶ 13} In reaching our conclusion, we see no significance in the fact that the cruiser's headlights were illuminated. While mentioning that fact, the trial court does not appear to have given it much weight, if any. The officers' shining of a spotlight on Jones' car prior to approaching is relevant but, again, not a signification consideration. The trial court's decision appears to have been driven by the positioning of the police cruiser directly in front of Jones' vehicle.

{¶ 14} On appeal, the State suggests that the officers parked where they did out of necessity. The cruiser-cam video indicates to us, however, that they could have parked in a space near Jones. Regardless, the issue is how a reasonable person in Jones' position would have perceived the positioning of the cruiser, not necessarily why the officers parked where they did. As for the other factors the State cites (the conversational tone when the officers approached on foot, the lack of a display of weapons or physical contact, and the fact that the encounter occurred in a parking lot), the trial court was not required to address these issues specifically. In any event, they do not alter our opinion that the officers demonstrated a show of authority when they positioned their cruiser in a way that made it difficult, though not impossible, for Jones to terminate the encounter and

to drive away.

{¶ 15} In view of all the circumstances, a reasonable person in Jones' position would have believed that he was not free to leave the scene. Accordingly, we agree with the trial court's finding of an unlawful seizure and its decision to suppress the evidence subsequently obtained. The assignment of error is overruled.

### III. Conclusion

{¶ 16} The State's assignment of error on appeal is overruled, and the case will be remanded to the trial court to proceed in accordance with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Barry L. Gilmer
Hon. Richard Skelton